FILED
United States Court of Appeals
Tenth Circuit

January 27, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOSEPH V. LIBRETTI, JR.,

     Plaintiff - Appellant,

v.

TAYLOR COURTNEY; STEVEN
WOODSON, in their individual capacities,

    Defendants - Appellees.

No. 15-8039
(D.C. No. 2:14-CV-00107-SWS)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **HOLMES**, Circuit Judges.
_____

Joseph V. Libretti, Jr., a law school graduate appearing pro se,[1] appeals the

district court's order dismissing his _Bivens_[2] action against two law enforcement

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We note that Mr. Libretti is not a typical pro se litigant. He graduated "near the top of his class at the Cleveland Marshall College of Law in December 2014," but the Ohio Supreme Court denied his application for admission to the Ohio bar, finding that he did not possess the requisite character, fitness, and moral qualifications for admission to the practice of law. _In re Application of Libretti_, No. 2014-1555, 2015 WL 6291333, at *2, *6 (Ohio Oct. 22, 2015) (permanently barring Libretti from

(continued)

officers, Steven Woodson, the current Director of the Wyoming Division of Criminal Investigation (DCI) and formerly a Special Agent for the United States Drug Enforcement Administration (DEA), and Taylor Courtney, a deputy sheriff with the Natrona County, Wyoming, Sheriff's Office and a member of a DCI/DEA drug task force. We exercise jurisdiction under 29 U.S.C. § 1291 and affirm.

The parties are familiar with the facts and procedural history of this case, and we need not restate either here. Briefly, Libretti was indicted in March 2011 on one count of conspiring to possess with the intent to distribute 50 grams or more of methamphetamine. He was ultimately acquitted, after which he filed this *Bivens* action against Woodson and Courtney. He alleged they violated his constitutional rights in obtaining and executing a June 2010 search warrant of his residence in Casper, Wyoming, and an April 2011 seizure warrant of his bank accounts.[3] In a thirteen count complaint, he claimed Woodson's applications for these two warrants lacked probable cause and included false statements or omitted pertinent information,

reapplying because "[his] ethical infractions are longstanding and so permeate the admissions process that his honesty and integrity are shown to be intrinsically suspect").

[2] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[3] Libretti also filed a *Bivens* action against Woodson and Courtney in Ohio raising substantially the same allegations as here, but in connection with a search of Libretti's residence in Ohio. The case was dismissed on the ground that Woodson and Courtney were entitled to qualified immunity. *See Libretti v. Woodson*, 600 F. App'x 367, 372 (6th Cir. 2015) (affirming dismissal).

2

that the warrants were constitutionally overbroad, that items were seized beyond the scope of the warrants, and that Courtney failed to return certain seized items. The district court ruled the officers were entitled to qualified immunity, granting Woodson's motion to dismiss under Fed. R. Civ. P. 12(b)(6) and Courtney's motion for summary judgment under Fed. R. Civ. P. 56.

We review de novo the district court's Rule 12(b)(6) grant of qualified immunity to Woodson. *Denver Justice & Peace Comm., Inc. v. City of Golden*, 405 F.3d 923, 927 (10th Cir. 2005). Similarly, we review de novo the district court's grant of summary judgment to Courtney based on qualified immunity. *See Stonecipher v. Valles*, 759 F.3d 1134, 1141 (10th Cir. 2014). "When a defendant raises qualified immunity as a defense, a plaintiff must properly allege a deprivation of a constitutional right and must further show that the constitutional right was clearly established at the time of the violation." *Id.* (internal quotation marks omitted). "Whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the objective legal reasonableness of the action, assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Id.* (bracket and internal quotation marks omitted).

In the context of a qualified immunity defense on an unlawful search claim, the court determines whether a defendant violated clearly established law by asking whether there was "arguable probable cause" for the challenged conduct. *Id.*

3

Officers must have probable cause to initiate a search, arrest, and prosecution under the Fourth Amendment. . . . [T]he relevant question is whether a substantial probability existed that the suspect committed the crime, requiring something 'more than a bare suspicion.' As the standard itself indicates, *probable* cause does not require metaphysical certitude or proof beyond a reasonable doubt. Probable cause is a matter of probabilities and common sense conclusions, not certainties. At the same time, probable cause requires . . . more than mere suspicion that unlawful activity is afoot.

      \* \* \*

The burden is on the plaintiff to make a substantial showing of deliberate falsehood or reckless disregard for truth by the officer seeking the warrant.

*Id.* at 1141-42 (brackets, citations, and internal quotation marks omitted).

Having reviewed the briefs, the record, and the applicable law pursuant to the above-mentioned standards, we agree with the district court that there was arguable probable cause to support both the June 2010 search warrant and the April 2011 seizure warrant and that Woodson and Courtney were entitled to qualified immunity on all of Mr. Libretti's claims. We hold that Mr. Libretti has not identified any reversible error in this case. We therefore affirm the judgment of the district court for substantially the same reasons stated in its two thorough and well-reasoned orders of dismissal dated March 27, 2015, and its order denying Mr. Libretti's Fed. R. Civ. P. 59(e) motion dated June 11, 2015.

                              Entered for the Court


                              Bobby R. Baldock
                              Circuit Judge